This is an appeal from the trial court's dismissal of plaintiff's case brought pursuant to the Adult Protective Services Act of 1976, §§ 38-9-1 to -11, Code of Alabama 1975.
Agnes Burnett Friday brought an action in her own name and ostensibly on behalf of her mother, Mildred S. Burnett, against the defendants, D.O. Burnett, Sr. and D.O. Burnett, Jr., the husband and son of Mildred S. Burnett (mother) respectively. The complaint asserted that the mother was incompetent and in need of supervision to protect her from "neglect and/or exploitation" by the defendants; and that the defendants were divesting the mother of her property by taking advantage of her alleged diminished capacities. The plaintiff requested that a hearing be held to determine the mother's competency; that a guardian ad litem be appointed to represent the mother at that hearing; that a guardian thereafter be appointed to administer the person and property of the mother; and that the court take appropriate action to rectify the purported wrongs being perpetrated on the mother by the defendants.
The plaintiff properly brought suit pursuant to § 38-9-6 (a), Code of Alabama 1975, which provides that "[a]n interested person may petition the court to order protective placement of an adult for purposes of care." The plaintiff-daughter fits the definition of an "interested person" as set out in § 38-9-2
(2), that is, "[a]ny adult relative . . . of a person to be protected under this chapter." It was requested that the mother be placed in the protective custody of her plaintiff-daughter. Pursuant to § 38-9-6 (a), Code 1975, the trial court appointed a guardian ad litem to represent the mother at the competency hearing — that guardian ad litem was not the plaintiff-daughter. The court severed all issues except competency and directed trial by jury on that issue. After trial, the jury found the mother to be incompetent and in need of protective supervision. The court ordered that the Chilton County Department of Pensions and Security provide the mother with protective services; that the Chilton County Probate Court appoint a guardian for the mother; and that a $1,500 attorney's fee for the mother's representation at the competency hearing be paid to the guardian ad litem out of the mother's estate. The probate court appointed the guardian ad litem as guardian. The defendants moved to dismiss plaintiff's action for failure to state a claim upon which relief could be granted, and on the ground that plaintiff-daughter no longer had standing to sue on behalf of her mother, there having since been appointed a guardian to protect the mother's interests. Thereafter, the circuit court, acting upon defendants' motion to dismiss, dismissed the plaintiff's remaining complaint for want of standing. Plaintiff appeals.
Plaintiff argues that the appointment of a guardian does not divest her of standing in a "severed action relating to the disposition of property of the adult for whom protective services were requested and awarded." She also argues that "the Court's ruling, even if aptly made, comes too late."
Plaintiff's own argument can be used to support the trial court's dismissal of her cause of action. She contends that,
 "[T]he definition of `interested person' specifically lists `guardian' as only one person of the groups of persons qualified to bring an action. `Any adult relative' or friend may also, under this same section, bring the action under subsection (h) to preserve the estate of an aged person in need of protective services.
". . . .
 "The statutory language which appears to be most important in view of the facts at bar is the definition of `interested person' as guardian or
friend/relative, coupled with the provision in Section 38-9-6 (h) of the Code of Alabama (1975) allowing an action to be brought in cases where the aged person's estate is in danger."
It hardly seems necessary to go to the dictionary to find that the word "or" means *Page 513 
an "alternative" and does not mean "and/or." The statute is quite clear in its intent.
 "The legislature recognizes that there are many adult citizens of the state who, because of the infirmities of age, disabilities or like incapacities, are in need of protective services. . . . This chapter is designed to establish those services and assure their availability to all persons when in need of them, and to place the least possible restriction on personal liberty and exercise of constitutional rights consistent with due process and protection from abuse, exploitation and neglect."
§ 38-9-3, Code of Alabama 1975.
When the court appointed a guardian to represent the mother in this case, it was fulfilling both the intent and the procedural requirements of the act. A party was appointed and charged with the responsibility of seeing that protective services be provided for Mrs. Burnett, if it was determined that such services were called for. Plaintiff-daughter brought the issue of her mother's competency and need for protective services before the court, and the court responded in a legal and proper manner. As the Committee Comments to Rule 9 (a), A.R.Civ.P., state: "As to representatives, an allegation of capacity may be an essential ingredient of the claim for relief." Such is the case here. Once a guardian was appointed to represent the mother, the plaintiff-daughter no longer had capacity to sue on behalf of her mother pursuant to the Adult Protective Services Act — the guardian had stepped into the plaintiff-daughter's shoes to ensure that her mother's interests were protected. Should the plaintiff-daughter take issue with the guardian's representation of her mother, suit would lie thereto. The success of such a suit seems unlikely, however, given that the record reveals the estrangement of the daughter from the mother and the dubious financial motivation of such a suit. That is, rather than bringing this action for the benefit of her infirm mother, the record strongly suggests a more selfish motive. The court did not err in dismissing plaintiff's case on the ground of absence of standing. Should the mother need further protection of life or property, it is the legal duty of the legal guardian to act in her behalf.
Finally, appellant contends that the court's ruling on defendants' motion to dismiss came too late. As soon as the probate court appointed a guardian for Mrs. Burnett, defendants promptly moved to dismiss. It was at that point that the plaintiff-daughter no longer had standing to bring suit pursuant to the Adult Protective Services Act. In any event, Rule 9, A.R.Civ.P., does not expressly state a time limitation for filing where capacity is at issue. The motion was therefore timely, and the judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.